UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 14 CR 50005 |
| | ) | Violation: Title 18, United States Code, |
| vs. | ) | Section 1347 |
| | ) | |
| CHARLES DEHAAN | ) | Superseding Indictment |

## **COUNT ONE**

The MARCH 2013 GRAND JURY charges:

1.    At times material to this superseding indictment:

### **Defendant**

a.    CHARLES DEHAAN was a physician licensed in Illinois and was the President of Housecall Physicians Group of Rockford, S.C., and also associated with MD@HOME, House Calls of Greater Chicago, S.C. and MD at HOME, S.C.

b.    CHARLES DEHAAN was a physician with access to patients and patient records, including patients and patient records at Rockford-area assisted living facilities.

c.    CHARLES DEHAAN was enrolled as a provider with the Medicare program and assigned a unique provider number, which he used to submit claims to the Medicare program for reimbursement from federal funds.

### **Background Concerning Medicare**

d.    Medicare was a Federal health care benefit program, as defined in Title 18, United States Code, Section 24(b), that provided free and below-cost health care benefits, including, among other things, medically necessary physician visits to patients' homes and in-home health care services for persons who were confined to their homes.

1

e.     Medicare included coverage under two primary components: "Part A," which covered a portion of the costs of hospital inpatient stays and home health care; and "Part B," which covered a portion of certain outpatient physician visits and services.

f.     Medicare was administered by the Centers for Medicare and Medicaid Services, a federal agency under the United States Department of Health and Human Services. In Illinois, CMS contracted with different companies to administer and pay Part B claims, including services related to physician home visits, from the Medicare Trust Fund.

g.     Physicians, clinics, and other health care providers that provided services to Medicare beneficiaries were able to apply for and obtain a Medicare provider number. A health care provider who was issued a Medicare provider number was able to file claims with Medicare to provide reimbursement for services provided to beneficiaries.

h.     By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. Providers of health care services to Medicare beneficiaries seeking reimbursement under the program were required to submit a claim form, called a CMS 1500, with certain information regarding the Medicare beneficiary, including the beneficiary's name, health insurance claim number, date the service was rendered, location where the service was rendered, type of service provided, number of services rendered, the procedure code, a diagnosis code, charges for each service provided, the provider's unique identifier, and a certification that such services were personally rendered by the provider.

i.     The American Medical Association established certain codes to identify medical services and procedures performed by physicians known as the "Current Procedural

2

Terminology." The CPT system provided a national coding practice for reporting services performed by physicians and for payment of Medicare claims.

j.      A physician visit to a patient's home with a new patient was billed using CPT codes 99341 through 99345. A physician visit to a patient's home with an established patient was billed using CPT codes 99347 through 99350. For each of these series of CPT codes, a higher code number corresponded to a more in-depth and time-consuming level of service, with a correspondingly higher reimbursement amount.

k.      For a home visit to be billed property using CPT code 99344, it was required to have the following three components as defined by the American Medical Association:  a comprehensive history, a comprehensive examination, and medical decision making of moderate complexity.  According to the American Medical Association, such a visit usually involved a problem or problems of high severity, and a physician typically spent 60 minutes face-to-face with the patient and/or family during such a visit.

l.      For a home visit to be billed properly using CPT code 99345, it was required to have the following three components as defined by the American Medical Association: a comprehensive interval history, a comprehensive examination, and medical decision making of moderate to high complexity.  According to the American Medical Association, such a visit usually involved a problem or problems of significant severity requiring immediate attention, and a physician typically spent 75 minutes face-to-face with the patient and/or family during such a visit.

m.      For a home visit to be billed properly using CPT code 99347, it was required to have at least two of the following key components as defined by the American

3

Medical Association: a problem-focused interval history, a problem-focused examination, and/or straightforward medical decision making. According to the American Medical Association, such a visit usually involved a self-limited or minor problem, and a physician typically spent 15 minutes face-to-face with the patient and/or family during such a visit.

        n.     For a home visit to be billed properly using CPT code 99348, it was required to have at least two of the following key components as defined by the American Medical Association: an expanded problem-focused interval history, an expanded problem-focused examination, and/or medical decision making of low complexity. According to the American Medical Association, such a visit usually involved a problem or problems of low to moderate severity, and a physician typically spent 25 minutes face-to-face with the patient and/or family during such a visit.

        o.     For a home visit to be billed properly using CPT code 99349, it was required to have at least two of the following key components as defined by the American Medical Association: a detailed interval history, a detailed examination, and/or medical decision making of moderate complexity. According to the American Medical Association, such a visit usually involved a problem or problems of moderate to high severity, and a physician typically spent 40 minutes face-to-face with the patient and/or family during such a visit.

        p.     For a home visit to be billed properly using CPT code 99350, it was required to have at least two of the following key components as defined by the American Medical Association: a comprehensive interval history, a comprehensive examination, and/or medical decision making of moderate to high complexity. According to the American Medical Association, such a visit usually involved a problem or problems of moderate to high severity,

4

and a physician typically spent 60 minutes face-to-face with the patient and/or family during such a visit.

q.     Medicare payments for claims submitted using CPT codes 99349 and 99350 were more than the payments for claims submitted using CPT codes 99347 and 99348, with the payment for claims submitted using CPT code 99350 approximately three times more than the payment for claims submitted using CPT code 99347.

r.     Medicare authorized payment for home visits and physician services only if those services were actually provided and were medically necessary because of disease, infirmity, or impairment. Medicare did not authorize payment for services and treatment that were not actually provided or for which that patient did not meet the criteria necessary to justify the claimed service or treatment.

s.     Medicare also covered, among other things, home health care, that is, health care services provided to Medicare beneficiaries suffering from illnesses or disabilities which confined them to their homes. With regard to home health care services, Medicare authorized payment under the following circumstances:

(1)     the Medicare beneficiary was "homebound," meaning that his or her ability to leave the home was restricted due to illness or disability;

(2)     the homebound beneficiary was under the care of a physician who created a specific plan of care for the beneficiary; and

(3)     the beneficiary's physician signed a "Home Health Certification and Plan of Care" (Medicare Form 485), setting forth, among other things, the beneficiary's diagnosis, medications, functional limitations, and plan of care, followed by a certification that the

5

beneficiary was homebound, was under that physician's care, and was in need of home health services, such as intermittent skilled nursing care, physical therapy, speech therapy, or occupational therapy.

        t.    Medicare typically approved payment for home health care services provided over 60-day periods of time, each 60-day period known as an "episode of care." After the initial 60-day episode of care, a beneficiary could receive additional 60-day episodes of care, but only if a physician re-certified, in a Form 485, that the beneficiary was still homebound and still in need of home health care services.

        2.    Beginning no later than in or about January 2009 and continuing through on or about January 24, 2014, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, did participate in a scheme to defraud a health care benefit program, as defined by Title 18, United States Code, Section 24(b), namely Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money under the custody and control of that health care program, namely Medicare, in connection with the delivery of and payment for health care benefits and services, which scheme is further described below.

        3.    It was part of the scheme that, in order to enrich himself, CHARLES DEHAAN submitted false claims to Medicare for reimbursement relating to medical services that DEHAAN purportedly provided to patients in their homes. DEHAAN caused claims to be submitted to Medicare for reimbursement for medical services he did not perform and used CPT

6

codes that falsely described the complexity of the services he provided in order to obtain a higher reimbursement rate.

4.    It was further part of the scheme that CHARLES DEHAAN accessed and obtained patient information pertaining to Medicare beneficiaries, including the beneficiary's name and Medicare number, through his affiliation with and privileges granted to him at various Rockford-area assisted living facilities. DEHAAN accessed and obtained this patient information without the knowledge or consent of the patients.

5.    It was further part of the scheme that CHARLES DEHAAN caused other individuals to prepare and submit the necessary paperwork, including the CMS 1500, to the Medicare program and CMS in order for DEHAAN to be reimbursed by Medicare for medical services that DEHAAN purportedly rendered to Medicare beneficiaries.

6.    It was further part of the scheme that CHARLES DEHAAN provided his employees with handwritten documents that he prepared. The handwritten documents contained false and fraudulent information, including false information for medical services purportedly provided to patients whom DEHAAN never actually treated. The handwritten documents also listed CPT codes that falsely described the complexity of the services he provided in order to obtain a higher reimbursement rate.

7.    It was further part of the scheme that CHARLES DEHAAN billed for medical services provided to patients when he knew he did not provide any reimbursable medical service. For instance, on multiple occasions, DEHAAN billed Medicare for medical services purportedly provided to patients, when DEHAAN's visit with the patient involved no medical care and

7

instead involved DEHAAN's having sexual contact and attempting to have sexual contact with a patient and making sexual advances toward a patient.

8.    It was further part of the scheme that CHARLES DEHAAN billed most routine visits with established patients to Medicare at the highest levels of in-home care, namely, CPT codes 99349 and 99350, when, in fact, DEHAAN knew that his visits with these patients typically did not qualify for such billing because the visits were usually straightforward, lasting no more than 5 to 10 minutes.

9.    It was further part of the scheme that CHARLES DEHAAN billed other CPT codes, such as CPT code 11042 for debridement of wound, and CPT code 69210 for removal of earwax, when, in fact, DEHAAN did not perform such services and knew that this billing information was false.

10.    It was further part of the scheme that CHARLES DEHAAN submitted and caused to be submitted to Medicare claims for medical services under CPT codes 99345 (typically 75 minute visits), 99349 (typically 40 minute visits), and 99350 (typically 60 minute visits) for patients that were deceased on the alleged medical service date.

11.    It was further part of the scheme that CHARLES DEHAAN submitted and caused to be submitted to Medicare claims totaling more than approximately $5,032,381.46, including more than approximately $945,000 for physician in-home visits billed under CPT code 99349 and more than approximately $1,628,000 for physician in-home visits billed under CPT code 99350.

12.    It was further part of the scheme that CHARLES DEHAAN signed and caused to be signed Form 485s in which he falsely certified that patients were confined to their homes and

8

thus eligible for home health care services, when in fact, he knew the patients were not homebound or had never actually met the patient and was not familiar with their health status.

13.    It was further part of the scheme that CHARLES DEHAAN submitted and caused to be submitted to Medicare claims seeking payment for the certification and recertification of patients for home health services that DEHANN knew did not qualify for payment because the patients did not qualify for home health services or had never actually met the patient and was not familiar with their health status.

14.    It was further part of the scheme that CHARLES DEHAAN did misrepresent, conceal and hide, and caused to be misrepresented, concealed and hidden, the acts done and the purposes of the acts done in furtherance of the scheme.

15.    On or about May 24, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient SL on or about May 20, 2013.

In violation of Title 18, United States Code, Section 1347.

9

## COUNT TWO

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about June 6, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient EZ on or about January 28, 2013.

In violation of Title 18, United States Code, Section 1347.

10

## COUNT THREE

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about June 11, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient MK on or about February 21, 2013.

In violation of Title 18, United States Code, Section 1347.

11

## COUNT FOUR

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about June 21, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient ShL on or about June 19, 2013.

In violation of Title 18, United States Code, Section 1347.

## COUNT FIVE

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about July 23, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient LS on or about July 17, 2013.

In violation of Title 18, United States Code, Section 1347.

13

## COUNT SIX

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about October 2, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient MT on or about September 30, 2013.

In violation of Title 18, United States Code, Section 1347.

14

## COUNT SEVEN

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about December 9, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient DG on or about December 6, 2013.

In violation of Title 18, United States Code, Section 1347.

## COUNT EIGHT

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about December 17, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient KR on or about December 11, 2013.

In violation of Title 18, United States Code, Section 1347.

16

## COUNT NINE

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about December 17, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient SJ on or about December 12, 2013.

In violation of Title 18, United States Code, Section 1347.

## COUNT TEN

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about December 10, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient GJ on or about December 6, 2013.

In violation of Title 18, United States Code, Section 1347.

18

## COUNT ELEVEN

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about December 11, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient GH on or about December 9, 2013.

In violation of Title 18, United States Code, Section 1347.

## COUNT TWELVE

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about July 15, 2011, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for the certification of Patient DD for home health services.

In violation of Title 18, United States Code, Section 1347.

20

## COUNT THIRTEEN

The MARCH 2013 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2. On or about November 19, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for the certification of Patient RF for home health services.

In violation of Title 18, United States Code, Section 1347.

## COUNT FOURTEEN

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about November 19, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for the certification of Patient DaG for home health services.

In violation of Title 18, United States Code, Section 1347.

22

## COUNT FIFTEEN

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about December 2, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for the certification of Patient JR for home health services.

In violation of Title 18, United States Code, Section 1347.

23

## COUNT SIXTEEN

The MARCH 2013 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.    On or about December 2, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for the certification of Patient LG for home health services.

In violation of Title 18, United States Code, Section 1347.

24

## COUNT SEVENTEEN

The MARCH 2013 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.    On or about April 29, 2011, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CA on or about April 22, 2011, despite the fact that Patient CA died March 9, 2011.

In violation of Title 18, United States Code, Section 1347.

25

## COUNT EIGHTEEN

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about May 27, 2011, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CB on or about May 18, 2011, despite the fact that Patient CB died on April 26, 2011.

In violation of Title 18, United States Code, Section 1347.

26

## COUNT NINETEEN

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about September 11, 2012, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CP on or about August 17, 2012, despite the fact that Patient CP died on August 15, 2012.

In violation of Title 18, United States Code, Section 1347.

27

## COUNT TWENTY

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about April 19, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient MB on or about April 10, 2013, despite the fact that Patient MB died on February 23, 2013.

In violation of Title 18, United States Code, Section 1347.

## COUNT TWENTY-ONE

The MARCH 2013 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.     On or about June 21, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CH on or about June 12, 2013, despite the fact that Patient CH died April 28, 2013.

In violation of Title 18, United States Code, Section 1347.

29

## COUNT TWENTY-TWO

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about July 23, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CH on or about July 17, 2013, despite the fact that Patient CH died April 28, 2013.

In violation of Title 18, United States Code, Section 1347.

30

## COUNT TWENTY-THREE

The MARCH 2013 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this superseding indictment are incorporated here.

2.      On or about September 20, 2013, at Rockford, Illinois, in the Northern District of Illinois, Western Division, and elsewhere,

### CHARLES DEHAAN,

defendant herein, knowingly and willfully executed and attempted to execute the above-described scheme by submitting and causing to be submitted to a contract company a Medicare claim seeking payment for an in-home patient visit regarding Patient CW on or about September 11, 2013, despite the fact that Patient CW died on August 25, 2013.

In violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

The MARCH 2013 GRAND JURY further charges:

1.     The allegations of Counts One through Twenty-Three of this superseding indictment are hereby realleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

2.     As a result of the violations of Title 18, United States Code, Section 1347, as alleged in the foregoing superseding indictment,

### CHARLES DEHAAN

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all right, title, and interest he may have in any property, real and personal, constituting and derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to:

a.     approximately $202,862.34 contained the bank account ending with 6313 in the name of Housecall Physicians Group of Rockford located at Alpine Bank; and

b.     approximately $98,126.66 contained in the bank account ending with 5645 in the name of Housecall Physicians Group of Rockford, S.C., located at U.S. Bank.

3.     If any of the forfeitable property described above, as a result of any act or omission by defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

32

e.      has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.


A TRUE BILL:


FOREPERSON

UNITED STATES ATTORNEY

33