**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CR-50005 |
| ) | |
| CHARLES S. DEHAAN, ) | |
| ) | |
| Defendant. ) | |

**AGREED MOTION TO ALLOW THE DEFENDANT**
**TO TRAVEL TO MICHIGAN**

NOW COMES the defendant, CHARLES S. DEHAAN, by and through his attorneys, SREENAN & CAIN, P.C., DEBRA D. SCHAFER, and moves this Court to allow the defendant to travel to Michigan to visit his mother and, if necessary, to attend her funeral. In support of this motion, the defendant states as follows:

1. On January 28, 2014, this defendant was released subject to the Court's Order Setting Conditions of Release and Additional Conditions of Release.

2. On April 8, 2014, the Court modified its order setting conditions of Release and Additional Conditions of Release in light of the defendant's arrest in Cook County.

3. The new conditions required the defendant to be on house arrest.

4. The condition of the defendant's bond from Cook County required the defendant to wear a GPS monitor. Because it is a higher level of monitoring, the GPS monitor was left in place and the monitor through U.S. Pretrial Services was not put in place.

5. On April 17, 2015, following his arrest on related charges in Winnebago County, Illinois and the removal by law enforcement of Cook County's GPS monitor, the

    defendant posted bond and reported to U.S. Pretrial Services at which time a new monitor was put in place pursuant to the Court's order of April 8, 2014.

6. On or about April 20, 2015, the conditions of the defendant's bond in Cook County were modified to no longer require the GPS monitor which means the defendant's movement is controlled by U.S. Pretrial Services and the U.S. District Court for the Northern District of Illinois.

7. On May 19, 2015, the Court heard defendant's motion asking the Court to allow Pretrial to have the discretion to authorize movement for various purposes including, to travel to Michigan with his 3rd party custodian, Mary DeHaan, to visit his mother.

8. That request was denied as a blanket authorization, but the Court was willing to rule on travel when specifics were provided.

9. The defendant is seeking permission from each of the four (4) jurisdictions in which he has cases pending to allow travel as set forth below.

10. The defendant understands that if any of the four (4) jurisdictions do not approve, he will be unable to travel.

11. The defendant's mother was recently admitted into hospice care.

12. The defendant's brother is planning to visit from out-of-state to see their mother as her health declines and has asked for the defendant to be present, if possible.

13. The defendant's brother will be in Michigan from July 30 through August 2, 2015.

14. In the event his mother should pass away, the defendant wishes to be present as soon as possible to assist with making arrangements and to attend her visitation and funeral.

15. With respect to travel in the event of his mother's death and because such events occur in relatively short order, the defendant is seeking advance approval to travel upon her death upon providing whatever documentation the Court and Pretrial requires and under whatever conditions the Court deems appropriate.

16. Getting the necessary permission from four (4) jurisdictions which would be difficult, if not impossible, to coordinate in a short amount of time. Consequently, the defendant is seeking permission from each jurisdiction for travel following the defendant's mother's death to be approved by U.S. Pretrial.

17. If U.S. Pretrial is unwilling to exercise discretion concerning travel out-of-state as described above or if this Court is unwilling without specific plans to grant such discretion to Pretrial, the defendant is seeking the other jurisdictions to allow the decision to rest with this Court so that, on an emergency basis, we only have to appear one time in one jurisdiction to request travel in the event of the defendant's mother's death.

18. Early on the case, prior to being placed on a monitor, the defendant was permitted to travel to visit his mother accompanied by his 3rd part custodian, and always returned as required.

19. After the GPS monitor was put in place, the defendant was permitted to travel to visit his mother accompanied by his 3rd part custodian, and always returned as required.

20. If permitted to travel, the defendant would stay with his brother, Mark DeHaan, in Grand Rapids, Michigan.

21. Further, the defendant's next court date is on July 23, 2015. The defendant is also required to appear in Cook County earlier on that date and would not be able to arrive

in Rockford in time for his court appearance at 11 a.m. If this motion requires a hearing, the defendant will be requesting a different court date. If this motion is handled without need for a court appearance, the defendant is requesting that his presence be waived so that he may appear in Cook County while defense counsel appears on his behalf.

WHEREFORE, the defendant, CHARLES S. DEHAAN, prays this Court enter an order allowing the following:

1. To travel to Michigan from July 30-August 2, 2015; and

2. To travel to Michigan following his mother's death under whatever circumstances the Court deems appropriate; and, if this motion is heard without a court appearance,

3. To waive the defendant's presence on July 23, 2015.

                                      CHARLES S. DEHAAN, Defendant,

                                      By:          s/
                                                DEBRA D. SCHAFER,
                                                Attorney for the defendant

*Prepared by:*
DEBRA D. SCHAFER #6207650
dschafer@sreenan-cain.com
Sreenan & Cain, P.C.
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490

## CERTIFICATE OF FILING AND SERVICE

  I, DEBRA D. SCHAFER, certify that on July 10, 2015, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P.5, LR5.5, and the General Order on Electronic Case Filing (ECF), Defendant's Motion to Allow the Defendant to Travel to Michigan was served pursuant to the District Court's ECF system as to ECF filers.

                 _____s/_____
                     DEBRA D. SCHAFER