UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 50005 |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

**UNITED STATES' MOTION FOR A TRIAL DEPOSITION**

The United States of America, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, submits the following motion to take a videotape trial deposition of one of the government's witnesses prior to the June 6, 2016 trial. In support of the motion, the government states as follows:

**I.  FACTS**

On February 11, 2014, defendant was charged by the grand jury with nine counts of health care fraud, in violation of 18 U.S.C. § 1347. The grand jury returned a twenty-three count superseding indictment on May 20, 2014, charging defendant with engaging in a health care fraud scheme from January 2009 through on or about January 24, 2014, in violation of 18 U.S.C. § 1347.

The superseding indictment alleges that defendant submitted and caused to be submitted false claims to Medicare under defendant's provider number claiming that defendant provided medical services to patients in their homes when, in fact, defendant never provided such services to the patients. As charged as part of the scheme in paragraph 7 of the superseding indictment, in some instances, defendant billed Medicare for services when defendant's visit with the patient

1

involved no medical care and instead involved defendant having sexual contact or attempting to have sexual contact with a patient.

One of the patients the government plans to call as a witness to provide direct evidence of defendant's scheme to defraud is Individual A. Individual A lives in Des Plaines, Illinois and suffers from agoraphobia, among other things. Individual A also has been bedridden since having hip surgery in 2009.

On Friday, April 8, 2016, the undersigned along with Assistant United States Attorney Talia Bucci, Health and Human Services Special Agent Renee Reyes and United States Attorney's Office Victim/Witness Coordinator Felice Weiler visited Individual A in her home. During the visit, Individual A said that she has suffered from agoraphobia since her teenage years, and her agoraphobia has worsened over time. Individual A stated that, because of her agoraphobia, she does not leave her bedroom. Individual A reported that she has only left her bedroom only since 2008, and that one time was to go to the hospital because of a broken hip. Individual A stated that she needed to be sedated in order to transport her to the hospital. In describing how agoraphobia affects her, Individual A stated that, to her, leaving her bedroom feels like stepping off of a moving train. She stated that the thought of leaving her residence terrifies her, makes her sweat and makes her heart race, and prevents her from thinking or functioning normally.

Individual A was defendant's patient for many years, including the years defendant engaged in the scheme to defraud Medicare. The government's evidence at trial will show that, as part of the scheme, defendant billed Medicare for medical services he purportedly provided to Individual A when defendant did not, in fact, provide those services. Individual A has told law enforcement officials that, beginning in 2009, defendant spent his visits to Individual A's home

having or attempting to have sexual contact with Individual A, rather than providing the medical services for which defendant subsequently billed Medicare.

## II. ARGUMENT

Federal Rule of Criminal Procedure 15 provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The movant bears the burden of demonstrating that "exceptional circumstances" exist. The Seventh Circuit has not expressly adopted a test for determining when the "exceptional circumstances" threshold is met. In *United States v. Knox,* 540 F.3d 708 (7th Cir. 2008), however, the Seventh Circuit took note of factors considered relevant to this analysis in other circuits. *Id.* at 717. Among the factors cited by the Seventh Circuit were

(1) the availability of the witness,

(2) the materiality of the proposed testimony and whether injustice will result without the testimony, and

(3) whether countervailing factors would make the deposition unjust to the nonmoving party.[1]

*Id.* (citing *United States v. Thomas,* 62 F.3d 1332, 1340-41 (11th Cir. 1995)); *see also United States v. Gigante,* 166 F.3d 75 (2d Cir. 1999) ("It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness's testimony is material to the case and if the witness is unavailable to appear at trial."

---

[1] The Seventh Circuit also noted additional factors such as whether the deponent would be available at the proposed location, whether the deponent would be willing to testify, and whether the safety of United States officials could be assured in going to the foreign location. *Id.* at 717. These factors are not at issue in this case: Individual A is willing to testify via deposition, she is available to testify from her home, and her home is within the Northern District of Illinois.

3

(citation omitted)); *United States v. Groos,* 616 F. Supp. 2d 777 (N.D. Ill. 2008) ("Exceptional circumstances exist 'when the prospective witness is unavailable for trial and the absence of his or her testimony would result in injustice due to the materiality of the testimony to the case.'" (quoting *United States v. Wag-Aero, Inc.,* 888 F. Supp. 101, 102 (E.D. Wis. 1995)). These factors demonstrate that "exceptional circumstances" exist in this case warranting the government to take a Rule 15 deposition of Individual A.

### A. Individual A Will Be Unavailable to Testify at Trial.

The first factor in determining whether "exceptional circumstances" warrant a Rule 15 deposition is whether the witness will be available to testify at trial. Federal Rule of Evidence 804(a) provides that a witness is unavailable if the witness "cannot be present or testify at the trial or hearing because of death or then-existing infirmity, physical illness, or mental illness[.]" Fed. R. Crim. P. 804(a)(4). Where the witness is unavailable due to mental illness, "the judge must consider both the duration and the severity of the illness." *Burns v. Clusen*, 798 F.2d 931, 937 (7th Cir. 1986). It is not essential that the witness's illness be permanent, rather, the "duration of the illness need only be in probability long enough so that, with proper regard to the importance of the testimony, the trial cannot be postponed." *Id*. With regard to the severity of the witness's mental illness, the "judge must consider the symptoms, [and] what tasks a witness is then capable of." *Id*.

Physical infirmities that prevent a witness from leaving their home also may qualify as "exceptional circumstances." *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984). In *Keithan*, the First Circuit found two witnesses unavailable where one witness was eighty-seven years old and "suffered from a back condition which prevented him from walking," while the

4

other witness was eighty-three years old and "suffered from a heart condition which confined her to her home." *Id*.

Here, Individual A suffers from both mental and physical impairments. Individual A suffers from agoraphobia and has only left her bedroom once since 2008. That one time, moreover, was to go to the hospital to be treated for a broken hip, and Individual A needed to be sedated in order to transport her to the hospital. When asked how it would feel if Individual A left her residence, Individual A likened the feeling to stepping out of a moving train. She stated that she becomes terrified, her heart races and her body sweats, and she cannot think or function normally. Given the length of time Individual A has suffered from agoraphobia, it is highly unlikely that Individual A's condition will change in the near future, much less in the month and a half before defendant's trial begins.

Individual A also has been bedridden since having hip surgery in 2009. Like the witnesses in *Keithan*, Individual A is unable to walk and she is confined to her home. *See Keithan,* 751 F.2d at 12. There is no indication, moreover, that Individual A's physical limitations will change prior to or through trial. Accordingly, Individual A is not able to be present in court testify at defendant's trial due to her physical and mental illnesses. *See* Fed. R. Crim. P. 804(a)(4).

### B. Individual A's Testimony Is Material and Injustice Would Result Without Her Testimony.

The second factor in determining whether "exceptional circumstances" exist focuses on the materiality of the proposed testimony. *See Knox,* 540 F.3d at 717 (citing *Thomas,* 62 F.3d at 1340-41); *see also Wag-Aero, Inc.,* 888 F. Supp. at 102 ("Ordinarily 'exceptional circumstances' exist for purposes of Rule 15 when the prospective witness is unavailable for trial, *and the*

*absence of his or her testimony would result in injustice due to the materiality of that testimony to the case.*" (emphasis added)). This factor also weighs in favor of allowing the government to take a Rule 15 deposition of Individual A.

As explained above, Individual A's testimony will provide direct evidence of defendant's scheme to defraud by submitting and causing to be submitted false claims to Medicare for medical services that defendant did not provide. Individual A was one of defendant's patients for many years. Defendant visited Individual A at home and purportedly provided medical services to Individual A for which defendant subsequently billed Medicare. Individual A has told law enforcement officials that, beginning in 2009, defendant provided no medical services to her. Defendant would come to her home for a visit but, instead of providing medical services during those visits, defendant would have or attempt to have sexual contact with Individual A. The government's evidence at trial will show that defendant subsequently billed Medicare for medical services provided during those visits. Individual A's testimony is important to proving that defendant did not provide the medical services for which he billed Medicare. Individual A's testimony is also material to proving that defendant willfully and intentionally engaged in a scheme to defraud. Individual A's testimony, in sum, is material to proving the elements of the charged offenses.

Moreover, injustice will result without Individual A's testimony. Defendant's practice during the time of the charged scheme consisted almost entirely of making home visits to patients, including Individual A. The testimony of Individual A and defendant's other patients is a critical component of proving the charged scheme that cannot be demonstrated by other evidence. Individual A has told law enforcement officials that defendant's visits with her were private visits, and no other medical staff or family members were present during those visits.

Individual A's testimony, therefore, is a critical to proving what occurred during those visits and that defendant was billing Medicare for services he did not provide.

### C. The Deposition Would Not Be Unjust to Defendant.

The third factor—whether countervailing factors would make the deposition unjust to defendant—also weighs in favor of allowing the government to take a Rule 15 deposition of Individual A. Individual A has advised that she will allow defendant and defense counsel into her home for the deposition, and her home is located within the Northern District of Illinois only about 1 1/2 hours from the courthouse. The deposition will be conducted in accordance with the procedures set forth in Rule 15, and the government will confer with defense counsel in scheduling the deposition. Furthermore, the deposition will be taken for the purpose of preserving testimony for trial, not for discovery purposes, and the government has provided more than generalized assertions as to the expected testimony of Individual A. *Compare Wag-Aero, Inc.,* 888 F. Supp. at 103. Finally, because the deposition will be videotaped, the jury will be able to see Individual A's expressions and demeanor to assist in judging her credibility if Individual A's deposition testimony ultimately is admitted at trial. *Cf. United States v. McGowan,* 590 F.3d 446, 456 (7th Cir. 2009) (recognizing that "videotapes allowed the jury to fully experience [the witness's] testimony, to view her demeanor, to hear her voice and to determine her credibility"). Accordingly, allowing the government to depose Individual A to preserve her testimony for trial would not be unjust.

### III. CONCLUSION

The government respectfully requests that its motion for a trial deposition pursuant to Federal Rules of Evidence 15 be granted for the reasons set forth herein. The government

believes the parties can work out an agreed time and date for the videotape deposition, which will take place at Individual A's residence.

                                                  Respectfully submitted,

                                                  ZACHARY T. FARDON
                                                  United States Attorney

BY:    /s/ *Scott R. Paccagnini*
        SCOTT R. PACCAGNINI
        TALIA BUCCI
        Assistant United States Attorneys
        327 South Church Street, Suite 3300
        Rockford, Illinois 61101
        (815) 987-4444

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

UNITED STATES' MOTION FOR A TRIAL DEPOSITION

was served on April 13, 2016, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444