UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 50005 |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

**UNITED STATES' NOTICE OF PRIOR CONVICTIONS OF GOVERNMENT WITNESSES AND MOTION *IN LIMINE* REGARDING ADMISSION OF WITNESSES'S PRIOR CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby notifies this Court and counsel of the prior convictions of government witnesses and moves *in limine* with respect to the admission of certain convictions.

**I.      Notice of Prior Convictions[1]**

    **1.      Clay, Raven**

    a.      On or about September 1, 2009, in case number 2009 CM 3846, in the Circuit Court of Winnebago County, Raven Clay was convicted of battery (720 ILCS 5/12-3) and sentenced to 24 months' supervision.

---

[1] The government has provided defense counsel will the criminal histories of the witnesses identified in the instant motion. The instant motion will discuss only those convictions that are less than ten years old. *See* Fed. R. Crim. P. 609(b). The government has filed on May 11, 2016, a motion *in limine* prohibiting defendant from using convictions that are more than ten years old without complying with Rule 609(b).

1

**2. Costa, Sebastian**

a. On or about January 15, 2014, in case number 2014 CM 152, in the Circuit Court of Winnebago County, Sebastian Costa was convicted of violating an order of protection (720 ILCS 5/12-3.4(a)(1))(formerly 720 ILCS 5/12-30) and sentenced to 124 days' jail, suspended, and 12 months' conditional discharge.

b. On or about January 4, 2008, in case number 2007 CF 4681, in the Circuit Court of Winnebago County, Sebastian Costa was convicted of retail theft in excess of $150 (720 ILCS 5/16A-3(a)) and sentenced to 180 days' jail and 30 months' probation.

c. On or about August 17, 2006, in case number 06 CM 5787, in the Circuit Court of Winnebago County, Sebastian Costa was convicted of theft (720 ILCS 5/16-1(a)(4)) and sentenced to 20 days' jail and 12 months' probation.

**3. Gash, Deborah**

a. On June 23, 2008, in case number 2007 CM 6304, in the Circuit Court of Winnebago County, Deborah Gash was convicted of retail theft of less than $150 (720 ILCS 5/16A-3(a)) and sentenced to fines and costs.

**4. Kiolbassa, Machelle**

a. On November 13, 2006, in case number 2006 CF 1703, in the Circuit Court of Winnebago County, Illinois, Machelle Kiolbassa was convicted of aggravated battery (720 ILCS 5/12-4(b)(10)) and sentenced to 150 days' jail and 24 months' probation.

  **5.**  **Schultz, Linda**

  a.  On June 17, 2008, in case number 2008 CM 3849, in the Circuit Court of Winnebago County, Illinois, Linda Schultz was convicted of domestic battery and sentenced to 12 months' conditional discharge.

**II.**  **Admission of Certain Convictions**

  Federal Rule of Criminal Procedures 609 provides that evidence that a witness has been convicted of a crime punishable by more than one year of imprisonment must be admitted for impeachment purposes, subject to Rule 403. Fed. R. Crim. P. 609(a)(1)(A).[2] "Rule 403 codifies the court's powers to exclude otherwise relevant evidence whose probative value 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . . .'" *United States v. Cavender*, 228 F.3d 792, 799 (7th Cir. 2000). Rule 609 further provides that evidence that a witness has been convicted of a crime, regardless of punishment, must be admitted where the elements of the crime require proving, or the witness admitting, a dishonest act or false statement. Fed. R. Crim. P. 609(b).

  **1.**  **Clay, Raven**

  Raven Clay's 2009 misdemeanor conviction for battery does not satisfy Rule 609(a)(1) or (a)(2). Misdemeanor battery is not punishable for more than one year and the elements of battery do not involve a dishonest act or false statement under

---

2 "The standards of witnesses and defendant are not identical . . . . To admit a defendant's conviction, its probative value must outweigh its prejudicial effect. For a witness, a prior conviction comes in if its probative value is not substantially outweighed by the danger of unfair prejudice." *United States v. Peters*, 236 Fed. Appx. 217, 221 (7th Cir. 2007)(Internal citations omitted).

Rule 609(a)(2). Therefore, this Court should prohibit defendant from seeking to impeach Ms. Clay with her 2009 misdemeanor conviction for battery.

### 2. Costa, Sebastian

Sebastian Costa's 2014 misdemeanor conviction for violating an order of protection does not satisfy Rule 609(a)(1) or (a)(2). Under Illinois law, a person commits violation of an order of protection if the person knowingly commits an act which was prohibited by a court or fails to commit an act which was ordered by a court. 720 ILCS 5/12-3.4 (formerly 720 ILCS 5/12-30). The elements of 5/12-3.4 do not require proof of a dishonest act or false statement.

Sebastian Costa's 2006 misdemeanor conviction for theft also does not satisfy Rule 609(a)(1) or (a)(2). Misdemeanor theft is not punishable for more than one year and the elements of theft do not involve a dishonest act or false statement under Rule 609(a)(2). Therefore, this Court should prohibit defendant from seeking to impeach Ms. Gash with her 2007 misdemeanor conviction for retail theft.

The government believes Mr. Costa's 2007 felony conviction for retail theft is proper impeachment under Rule 609.

### 3. Gash, Debra

Debra Gash's 2007 misdemeanor conviction for retail theft does not satisfy Rule 609(a)(1) or (a)(2). Misdemeanor retail theft is not punishable for more than one year, *see* 720 ILCS 5/16A-3(a), and the elements of retail theft do not involve a dishonest act or false statement under Rule 609(a)(2). *See Amaechi*, 991 F.2d at

378. Therefore, this Court should prohibit defendant from seeking to impeach Ms. Gash with her 2007 misdemeanor conviction for retail theft.

### 4. Kiolbassa, Machelle

The government believes Ms. Kiolbassa's 2006 felony conviction for aggravated battery is proper impeachment under Rule 609.

### 5. Schultz, Linda

Linda Schultz's 2008 misdemeanor conviction for domestic battery does not satisfy Rule 609(a)(1) or (a)(2). Misdemeanor domestic battery is not punishable for more than one year and the elements of domestic battery do not involve a dishonest act or false statement under Rule 609(a)(2). 720 ILCS 5/12-3.2. Therefore, this Court should prohibit defendant from seeking to impeach Ms. Shultz with her 2008 misdemeanor conviction for domestic battery.

## III. Conclusion

WHEREFORE, the government respectfully requests that the foregoing motions *in limine* be granted for the reasons set forth herein.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

BY:   /s/ *Scott R. Paccagnini*
    SCOTT R. PACCAGNINI
    TALIA BUCCI
    Assistant United States Attorneys
    327 South Church Street, Suite 3300
    Rockford, Illinois 61101
    (815) 987-4444

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

UNITED STATES' NOTICE OF PRIOR CONVICTIONS OF GOVERNMENT
WITNESSES AND MOTION *IN LIMINE* REGARDING
ADMISSION OF WITNESSES'S PRIOR
CONVICTIONS UNDER FEDERAL RULE
OF EVIDENCE 609

was served on May 11, 2016, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444