UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 50005 |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE***

The United States of America, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby responds to defendant's motion *in limine*.

**I.   Defendant's Motion *in Limine***

Defendant asserts that based on discovery received to date, "there is evidence that the defendant and his wife may have, at one time, experienced martial difficulties."   Def.'s Mot. in Limine at 1.   According to defendant, "[s]aid marital difficulties are not relevant to the charges and the probative value of such evidence would substantially outweigh the danger of unfair prejudice to the defendant."   *Id*.   Defendant's motion should be denied.

**II.   Argument**

Defendant's argument is waived because it is unsupported and undeveloped.   *United States v. Wescott*, 576 F.3d 347, 356 (7th Cir. 2009)(stating "It is difficult to discern from his cursory argument the nature of the error he is claiming.   'Unsupported and undeveloped arguments like this are considered waived.'")(quoting *United States v. Tockes*, 503 F.3d 628, 633 (7th Cir. 2008)); *see also United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005)("In this circuit, unsupported and undeveloped arguments are waived); *United States v. Holm*, 326 F.3d

1

872, 877 (7th Cir. 2003)("We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues.'"))(citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)); and *United States v. Bazzelle*, No. 14 cr 50067-2, 2015 WL 5766935, at * 6 (N.D. Ill. Sept. 30, 2015)(finding defendant's argument waived because it is not supported by analysis and citation to pertinent authority). Defendant's motion does not specify "the discovery received to date" that defendant believes is not relevant. Defendant also does not explain why defendant's marital difficulties are not relevant and why the probative value of the evidence substantially outweighs the danger of unfair prejudice. Therefore, because defendant's argument is not supported by analysis, defendant's argument is waived.

Even if not waived, defendant's motion should still be denied. Defendant's marital difficulties are relevant as they are evidence of defendant's state of mind during the scheme to defraud. During visits in which defendant would make sexual contact or attempt to make sexual contact with a patient, some of the patients would attempt to deflect defendant's actions by inquiring about defendant's wife. One possible witness has said that defendant responded that he was married for over 30 years and was in a sexless and loveless marriage.[1] These statements by defendant, as well as others, are relevant as they further describe defendant's state of mind during the visits and will provide the jury with a full picture of what happened and what was said during fraudulently billed visits. As the government must prove that defendant intended to engage in a scheme to defraud by submitting false claims for patient visits to

---

[1] Because defendant failed to identify with specificity the evidence of defendant's martial difficulties that should not be allowed in, the government cannot respond as to why specific evidence is relevant.

Medicare, testimony regarding what happened during the visits and what defendant said is highly probative of defendant's state of mind.

Additionally, at this time, the government is not aware of defendant's defense. Defendant's marital difficulties may also be relevant to rebut defendant's defense or, assuming defendant testifies, any testimony provided by defendant.

### III. Conclusion

WHEREFORE, the government respectfully that this Court deny defendant's motion *in limine*.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

BY:    /s/ *Scott R. Paccagnini*
    SCOTT R. PACCAGNINI
    TALIA BUCCI
    Assistant United States Attorneys
    327 South Church Street, Suite 3300
    Rockford, Illinois 61101
    (815) 987-4444

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE***

was served on May 18, 2016, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444