UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 50005 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

## **UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully proposes the attached jury instructions for use in the trial of this cause.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

BY:  /s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
TALIA BUCCI
Assistant United States Attorneys
327 South Church Street – Room 3300
Rockford, Illinois 61101
815-987-4444

1

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION No. 1
Seventh Circuit Committee (2012) 1.01

The charges against the defendant are in a document called a superseding indictment. You will have a copy of the superseding indictment during your deliberations.

The superseding indictment in this case charges that the defendant committed the crime of health care fraud. The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION No. 2
Seventh Circuit Committee (2012) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION No. 3
Seventh Circuit Committee (2012)1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION No. 4A
Seventh Circuit Committee (2012) 2.01 (with stipulations)

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION No. 4B
Seventh Circuit Committee (2012) 2.01 (without stipulations)

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION No. 5
Seventh Circuit Committee (2012) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION No. 6
Seventh Circuit Committee (2012) 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION No. 7A
Seventh Circuit Committee (2012) 2.04

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION No. 7B
Seventh Circuit Committee (2012) 2.04

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

GOVERNMENT INSTRUCTION No. 8
Seventh Circuit Committee (2012) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

GOVERNMENT INSTRUCTION No. 9A
Seventh Circuit Committee (2012) 3.01 (Defendant testifying)

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

GOVERNMENT INSTRUCTION No. 9B
Seventh Circuit Committee (2012) 3.01 (Defendant not testifying)

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION No. 10
Seventh Circuit Committee (2012) 3.02

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

GOVERNMENT INSTRUCTION No. 11A (statement not under oath)
Seventh Circuit Committee (2012) 3.03

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.  If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

GOVERNMENT INSTRUCTION No. 11B (statement under oath)
Seventh Circuit Committee (2012) 3.03

You have heard evidence that before the trial, the defendant made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

GOVERNMENT INSTRUCTION No. 12
Seventh Circuit Committee (2012) 3.04

You may consider evidence that the defendant was convicted of a crime in deciding the believability of his testimony. You may not consider it for any other purpose. The other conviction is not evidence of whether the defendant is guilty of any crime he is charged with in this case.

GOVERNMENT INSTRUCTION No. 13A (defendant's conviction)
Seventh Circuit Committee (2012) 3.06

You may consider evidence that a witness was convicted of a certain crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

GOVERNMENT INSTRUCTION No. 13B (witness conviction)
Seventh Circuit Committee (2012) 3.06

You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give to it.

GOVERNMENT INSTRUCTION No. 14
Seventh Circuit Committee (2012) 3.07

You have heard testimony about the defendant's [good character; character for _____.]  You should consider this testimony together with and in the same way you consider the other evidence.

GOVERNMENT INSTRUCTION No. 15
Seventh Circuit Committee (2012) 3.08

You have [heard testimony; received evidence] that the defendant made a statement to [name of person or agency]. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

GOVERNMENT INSTRUCTION No. 16
Seventh Circuit Committee (2012) 3.09

You have heard [testimony; evidence] that the defendant committed acts other than the ones charged in the superseding indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant did the acts that are not charged in the superseding indictment. If you decide that he did, then you may consider this evidence to help you decide defendant's motive for committing health care fraud. You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for health care fraud, not for the other acts.

GOVERNMENT INSTRUCTION No. 17
Seventh Circuit Committee (2012) 3.11

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give the summaries.

GOVERNMENT INSTRUCTION No. 18
Seventh Circuit Committee (2012) 3.16

Certain [summaries; charts] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit]. These [summaries; charts] are not themselves evidence or proof of any facts, so you will not have these particular [summaries; charts] during your deliberations.

GOVERNMENT INSTRUCTION No. 19
Seventh Circuit Committee (2012) 3.17

If you have taken notes during the trial, you may use them during deliberations  to help you remember what happened during the trial.  You should use your notes only as aids to your memory.  The notes are not evidence.  All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION No. 20
Seventh Circuit Committee (2012) 3.18

The superseding indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT INSTRUCTION No. 21
Seventh Circuit Committee (2012) 4.05

Counts One through Sixteen of the superseding indictment charge the defendant with health care fraud.  In order for you to find the defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1.     First, there was a scheme to defraud a health care benefit program or to obtain the money or property owned by, or under the custody and control of, any health care benefit programs by means of material false statements, pretenses, representations, promises in connection with the delivery of or payment for health care benefit items, or services as charged in Counts One through Sixteen of the superseding indictment; and

2.     Second, that the defendant knowingly and willfully executed the scheme.


If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION No. 22
Seventh Circuit Committee (2012) 18 U.S.C. § 1347

A health care benefit program is any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care benefit program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another.

The government need only prove that the health care program itself either engaged in interstate commerce or that is activity affected interstate commerce to any degree. The government need not prove that the defendant engaged in interstate commerce or that the acts of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION No. 23
Seventh Circuit Committee (2012) 18 U.S.C. § 1347 Health Care Benefit Program/Interstate Commerce – Definition

Medicare is a healthcare benefit program.

GOVERNMENT'S INSTRUCTION No. 24
18 U.S.C. § 24(b)

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

GOVERNMENT INSTRUCTION No. 25
Seventh Circuit Committee (2012) 18 U.S.C. §§ 1341 & 1343 - Definition of Scheme to Defraud

A false or fraudulent statement, pretense, representation, promise, omission, or concealment is "material" if it is capable of influencing the decision of the person or entity to whom it was addressed.

GOVERNMENT INSTRUCTION No. 26
Seventh Circuit Committee (2012) 18 U.S.C. §§ 1341 and 1343–Definition of Material

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promises charged in the portion of the superseding indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

GOVERNMENT INSTRUCTION No. 27
Seventh Circuit Committee (2012) 18 U.S.C. §§ 1341 & 1343–Proof of Scheme

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly and willfully, you may consider all the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION No. 28
Seventh Circuit Committee (2012) 4.10

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat in order to cause a gain of money or property to the defendant or the potential loss of money or property to another.

GOVERNMENT INSTRUCTION No. 29
Seventh Circuit Committee (2012) 18 U.S.C. §§ 1341 & 1343–Definition of Intent to Defraud

35

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION No. 30
Seventh Circuit Committee (2012) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION No. 31
Seventh Circuit Committee (2012) 7.01

A verdict form has been prepared for you. You will take the form with you to the jury room.

Read the verdict form.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

GOVERNMENT INSTRUCTION No. 32
Seventh Circuit Committee (2012) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION No. 33
Seventh Circuit Committee (2012) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 50005 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

## **V E R D I C T**

(Place an "X", or check mark, on the appropriate line.)

We, the jury, find the defendant, CHARLES DEHAAN:

| Count | Charge | Not Guilty | Guilty |
|---|---|---|---|
| 1 | Health Care Fraud | _____ | _____ |
| 2 | Health Care Fraud | _____ | _____ |
| 3 | Health Care Fraud | _____ | _____ |
| 4 | Health Care Fraud | _____ | _____ |
| 5 | Health Care Fraud | _____ | _____ |
| 6 | Health Care Fraud | _____ | _____ |
| 7 | Health Care Fraud | _____ | _____ |
| 8 | Health Care Fraud | _____ | _____ |
| 9 | Health Care Fraud | _____ | _____ |

| | | | |
|---|---|---|---|
| 10 | Health Care Fraud | _____ | _____ |
| 11 | Health Care Fraud | _____ | _____ |
| 12 | Health Care Fraud | _____ | _____ |
| 13 | Health Care Fraud | _____ | _____ |
| 14 | Health Care Fraud | _____ | _____ |
| 15 | Health Care Fraud | _____ | _____ |
| 16 | Health Care Fraud | _____ | _____ |

_____          _____
  FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          DATE: _____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

United States' Proposed Jury Instructions

was served on May 18, 2016, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815) 987-4444