**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.　14-CR-50005 |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| CHARLES DEHAAN | ) | |

**DEFENDANT'S RESPONSE TO UNITED STATES'**
**NOTICE OF RULE 404(b) EVIDENCE**

NOW COMES the defendant, CHARLES DEHAAN, by and through his attorneys, Sreenan & Cain, P.C., DEBRA D. SCHAFER, and in response to the United States' Notice of Rule 404(b) Evidence, states as follows:

The government seeks to admit evidence of the defendant's financial condition. Specifically, it seeks to admit evidence concerning allegations that the defendant owed money to the Internal Revenue Service, the Department of Labor, Chase Home Finance and to John Anderson. The stated purpose of said evidence is a motive to commit the offense of fraud.

The defendant is certainly aware of the provisions of Federal Rule of Evidence 404(b)(2) in which motive is an acceptable purpose for which evidence may be admitted. The defendant is also familiar with *United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014) and *United States v. Ferrell,* No. 14-2915, 815 F.3d 433 (7th Cir. 2015), cited by the government. Notwithstanding those cases, the defendant objects to the admission of the evidence concerning his financial difficulties. The probative value of such evidence is vastly outweighed by the danger of unfair prejudice to the defendant. For a jury to hear evidence the details concerning the circumstances surrounding the four different judgments or debts raises the very real potential, much like allowing

multiple convictions under Federal Rule of Evidence 609, of being misused by the jury as propensity evidence or as negative character evidence, regardless of any instruction by the Court.

Defense counsel is willing to discuss with the defendant whether he would be, for purposes of trial, willing to stipulate to the fact of debt without the government presenting evidence concerning the person or entity to whom the money is owed or the number of persons or entities to whom money is owed. That way, a certain dollar amount of debt would be received in evidence which would address the government's interest in presenting evidence of motive without the more damning evidence regarding the number of persons or entities to whom money was owed or the circumstances of the debt. Obviously, under those circumstances, the defendant would be prohibited from presenting evidence seeking to mischaracterize the circumstances of the debt.

WHEREFORE, the defendant, CHARLES DEHAAN, prays this court deny the government's request to admit evidence of the defendant's debt to the Internal Revenue Service, the Department of Labor, Chase Home Finance and to John Anderson. In the alternative, if the Court deems such evidence admissible under Rule 404(b), the defendant asks the Court to consider receiving evidence of the amount of the debt without evidence concerning the circumstances of the debt.

Respectfully submitted,
CHARLES DEHAAN, Defendant

By: /s/ DEBRA D. SCHAFER
DEBRA D. SCHAFER
Attorney for the Defendant
Sreenan & Cain, P.C.
321 West State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490

## CERTIFICATE OF SERVICE

The undersigned attorney DEBRA D. SCHAFER hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

> Defendant's Response To United States'
> Notice of Rule 404(b)

was served pursuant to the district court's ECF system on all ECF filers on May 18, 2016.

By: /s/ DEBRA D. SCHAFER
DEBRA D. SCHAFER
Attorney at Law
321 W. State Street, Suite 700
Rockford, Illinois 61101
(815) 962-5490