**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CR-50005 |
| | ) | |
| | ) | |
| CHARLES S. DEHAAN, | ) | Judge Frederick J. Kapala |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO, AND ARGUMENT CONCERNING,
GOVERNMENT EXHIBIT 81E**

NOW COMES the Defendant, CHARLES S. DEHAAN, by and through his attorney,

DEBRA D. SCHAFER, of Sreenan & Cain, P.C. and in support of his objections to, and

argument concerning, Government Exhibit 81E¸ states as follows:

Following a hearing and briefs filed by the parties concerning loss calculations, the Court

indicated on March 20, 2017, that it rejected both parties' calculations and was seeking to

determine loss in a different way.  The Court asked whether it was possible for the Government

to produce a version of Government's Exhibit 81B for the relevant time frame in the bill of

indictment.  In response to that request, the Government produced Government Exhibit 81E,

entitled CPT Billing Codes 99341-99350 Comparison from 1/1/2009 – 12/31/2013.  Defendant

has had an opportunity to review said document and while he is not completely clear how the

Court intends to use the figures set forth in the exhibit, Defendant would object to the Court

considering Exhibit 81E except in the context that both 81B and 81E may be skewed because of

the limited information the Court has about the other providers to whom Defendant is being

1

compared. Defendant's practice, one comprised entirely of medical care for homebound patients, would inflate his figures, and thus increase his percentages, as compared to other doctors who only occasionally conduct home visits. Further, Defendant may have an inflated patient count as compared to others within the provider group since Defendant's practice was confined to providing medical care to a largely elderly and/or chronically ill patient population. Finally, again with his practice confined to providing medical care to a largely elderly and/or chronically ill patient population, Defendant's patients may have an increased likelihood to have more complex medical conditions as compared to others in the provider group, the evaluation and treatment of which would justify the use of the higher CPT codes (*i.e.* 99344, 99345, 99349 and 99350).

Further, to the extent the Court is considering amounts from Government Exhibit 81E to assess loss, Defendant would urge the Court to use the figures from the column entitled "Sum of Amount Allowed" rather than "Sum of Amount Billed". The amount allowed is the amount doctors are contractually required to accept as Medicare providers, regardless of any amount billed, and thus the loss should be no more than the contractual cap. In Exhibit 81E, the amount paid to a provider is some fraction of the amount allowed and of the amount billed. A provider's bill could be for any amount, but is still capped at the allowable amount set by Medicare. It is apparent from the exhibit that all providers, not just Defendant, bill in excess of the amount allowed and in excess of the amount paid to a provider. The fact that there are columns for the amount billed, the amount allowed and the amount paid to provider is evidence of how Medicare is structured. Consequently, the column entitled "Sum of Amount Allowed" rather than "Sum of

Amount Billed" should be the column used by the Court if it intends to use Exhibit 81E as a

basis for calculating loss.

Finally, Defendant urges the Court not to take Defendant's figures for the 4 highest CPT

codes, regardless of whether it uses either the amounts billed ($3,203,904) or the amounts

allowed ($1,702,387), and using those sums as the loss.  To use those amounts, the Court would

have to find that no medical care was provided to any patient, and there is simply no basis for the

Court to find that no medical care was provided and that all amounts attributed to Defendant are

part of the loss calculation.

## CONCLUSION

To the extent the Court intends to use Government's Exhibit 81E to establish loss,

Defendant would urge the Court to consider the points set forth above in making its

determination.

By:   /s/
DEBRA D. SCHAFER,
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490
dschafer@sreenan-cain.com

3

## CERTIFICATE OF FILING AND SERVICE

The undersigned attorney hereby certifies that the following document:

## DEFENDANT'S OBJECTIONS TO AND ARGUMENT CONCERNING
## GOVERNMENT EXHIBIT 81E

was served on April 3, 2017, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5,

and the General Order on Electronic Case Filing (ECF), pursuant to the District Court's system

as to ECF filers.


/s/ Debra D. Schafer_____
DEBRA D. SCHAFER
Attorney for Defendant
321 W. State Street, Ste. 700
Rockford, Illinois  61101
815.962.5490