UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 50005 |
| vs. | ) | |
| | ) | Judge Frederick J. Kapala |
| CHARLES DEHAAN | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTION TO GOVERNMENT EXHIBIT 81E**

The UNITED STATES OF AMERICA, by JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant's objection to Government Exhibit 81E:

**A. Defendant's Objection Goes to Weight and Not Admissibility.**

Defendant objects to this Court considering Government Exhibit 81E "except in the context that both [Exhibits] 81B and 81E may be skewed because of the limited information the Court has about the other providers to whom Defendant is being compared." Def.'s Obj. to Gov. Ex. 81E at 1. Defendant's objection, however, goes to the weight and not the admissibility of Government Exhibit 81E. Defendant does not cite any Federal Rule of Evidence that would prevent this Court from admitting and considering Government Exhibit 81E. Defendant also does not argue that Government Exhibit 81E contains inaccuracies, ambiguities, or omissions, but even if defendant did make such arguments, those arguments would also go to the weight and not the admissibility of Government Exhibit 81E. *See United States v. Keplinger*, 776 F.3d 678, 694 (7th Cir. 1985)("Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence."). Therefore, this Court should admit and consider Government Exhibit 81E.

1

### B. Defendant's Arguments Regarding Weight are Misplaced.

Defendant argues that the figures in Government Exhibit 81E are unfair to defendant as his practice, "comprised entirely of medical care for homebound patients, would inflate his figures, and thus increase his percentages, as compared to other doctors who only occasionally conduct home visits." Def.'s Obj. to Gov. Ex. 81E at 2. There is nothing in the record to support defendant's argument. Government Exhibit 81E includes only codes used by Illinois doctors to bill Medicare for home visits; non-home visit codes are not included. While some doctors may only occasionally conduct home visits and others, like defendant, may focus their practice entirely on patients needing home visits, defendant's argument still does not address why defendant billed the highest new patient code 76% of the time while other doctors in Illinois submitted more than 239,000 new patient claims and only 20% billed the same code. Similarly, defendant's argument does not address why defendant billed the highest established patient code more than 52% of the time while other doctors in Illinois submitted more than 1.5 million established patient claims and only 16% billed the same code.

In an attempt to address this glaring problem, defendant argues that he "*may* have an inflated patient count as compared to others" since his practice was "confined to providing medical care to a largely elderly and/or chronically ill patient population." Def.'s Obj. to Gov. Ex. 81E at 2 (emphasis added). Defendant also argues his patients "*may* have an increased likelihood to have more complex medical conditions as compared to others . . . ." *Id*. (Emphasis added). Defendant provides no support for either speculative argument.

Every doctor that bills a Medicare home visit code is purporting to have a patient that is elderly or ill and needs the home visit. Defendant is essentially arguing, without any support, that

2

his patients suffer from more complex medical conditions than other patients in Illinois do. Defendant's argument is nothing more than an unsubstantiated attempt to justify the fact that defendant billed the highest established patient codes and the highest new patient codes substantially more than other doctors in Illinois did. The evidence presented to this Court establishes that defendant chose the code regardless of whether defendant saw the patient or not and regardless of the level of medical decision making necessary and ultimately submitted claims to Medicare at the highest codes.

Defendant also argues that this Court should consider the "Sum of Amount Allowed" figures in Government Exhibit 81E and not the "Sum of Amount Billed" figures. Def.'s Obj. to Gov. Ex. 81E at 2. In a Medicare care fraud case, the amount billed to Medicare constitutes prima facie evidence of intended loss for sentencing purposes. U.S.S.G. § 2B1.1, comment., (n.3(F)(viii)). Defendant argues that the "amount allowed is the amount doctors are contractually required to accept as Medicare providers, regardless of any amount billed . . . ." *Id*. Defendant, however, has provided no evidence that defendant knew that to be the case during the entirety of his fraud scheme. *See United States v. Iwuala*, 789 F.3d 1, 14 (1st Cir. 2015)("the defendant's problem is that, professing great ignorance about the whole scheme, he offered no direct evidence that he expected Medicare to pay less than his cohort billed . . . ."); *see also United States v. Popov*, 742 F.3d 911, 916 (9th Cir. 2014)(adopting a burden shifting framework for intended loss in health care fraud cases); *United States v. Miller*, 316 F.3d 495, 504 (4th Cir. 2003)("As anyone who has received a bill well knows, the presumptive purpose of a bill is to notify the recipient of the amount to be paid."). If defendant's practice "comprised entirely of medical care for homebound

patients," Def.'s Obj. to Gov. Ex. 81E at 2, then why would defendant submit a bill for an amount more than the Medicare capped rate unless defendant intended to receive the amount billed?

Defendant's unsubstantiated arguments are nothing more than an attempt by defendant to minimize what this Court already knows—defendant chose the highest billing codes regardless of whether he saw the patient or not, whether the patient was alive or not, and whether he provided any medical services or not. Even when defendant did provide medical services, the evidence presented to this Court proves that those visits warrant, at most, the lowest reimbursement codes.

For the foregoing reasons, the government respectfully requests that this Court overrule defendant's objection to Government Exhibit 81E.

        Respectfully submitted,

        JOEL R. LEVIN
        Acting United States Attorney

By:    /s/ *Scott R. Paccagnini*
        SCOTT R. PACCAGNINI
        Assistant United States Attorney
        327 South Church Street - Room 3300
        Rockford, Illinois 61101
        (815) 987-4444

## CERTIFICATE OF FILING AND SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO GOVERNMENT EXHIBIT 81E**

was served on April 5, 2017, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ *Scott R. Paccagnini*
SCOTT R. PACCAGNINI
Assistant United States Attorney
327 South Church Street - Ste. 3300
Rockford, Illinois 61101
(815) 987-4444