UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|         Plaintiff, | ) | |
| v. | ) | No. 14 CR 50005 |
| | ) | Judge Iain D. Johnston |
| Charles Dehaan, | ) | |
|         Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Charles Dehaan has filed motions under the First Step Act seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his risk of complications from COVID-19 because of his age, preexisting heart conditions, and a stroke. For the reasons that follow, Dr. Dehaan's motions [175] and [182] are denied.

## BACKGROUND

Dr. Dehaan pleaded guilty to two counts involving a scheme to defaud Medicare, *see* 18 U.S.C. § 1347. At sentencing, U.S. District Judge Kapala, who has since taken inactive senior status, calculated Dr. Dehaan's his offense level to be 30, his criminal history category to be I, and his advisory guidelines range to be 97 to 121 months. Dkt. 142. Judge Kapala imposed a within guidelines sentence of 108 months' incarceration to be served consecutive to the sentences imposed in related state court cases involving the aggravated battery of his patients, and ordered him to pay restitution of over $2.7 million. Dkts. 141, 142. Dr. Dehaan appealed the district court's calculation of his loss amount and restitution, but the Seventh Circuit affirmed. *See United States v. DeHaan*, 896 F.3d 798 (7th Cir. 2018). Dr. Dehaan then filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, but Judge Reinhard denied the motion. *See Dehaan v. United States*, No. 19 CV 50077 (N.D. Ill.). Dr. Dehaan's projected release date is November 11, 2024. Supp. Motion [182] at 2.

Dr. Dehaan now seeks relief under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A). Upon receipt of his initial *pro se* motion, the Court assigned the federal defender to assist Dr. Dehaan, and the federal defender filed a supplement to the *pro se* motion. As always, the Court thanks the federal defender for the assistance with this case. In his filings, Dr. Dehaan argues that the Court should reduce his sentence to time served because his chronic heart disease, atrial fibrillation, cardiac arrhythmia, and a stroke put him at an increased risk of severe illness from COVID-19.

## ANALYSIS

Under the First Step Act, a court may reduce a defendant's sentence based on a motion by either the director of the Bureau of Prisons or by the defendant himself. 18 U.S.C. § 3582(c)(1)(A). A reduction under § 3582(c)(1)(A)(i) may be based only on "extraordinary and compelling reasons," and must take into account the sentencing factors set out at 18 U.S.C. § 3553(a). The defendant bears the burden of establishing that he or she is entitled to compassionate release under the First Step Act. *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020). Before filing such a motion, a defendant must first ask his warden to seek a reduction on his behalf and either exhaust all administrative remedies if the request is declined, or wait 30 days after making the request, whichever comes first. *See* 28 U.S.C. § 3582(c)(1)(A). It is undisputed that Dr. Dehaan exhausted his administrative remedies before filing his motion under the First Step Act. Response [184] at 11.

The Court prefaces its analysis of Dr. Dehaan's arguments with the recognition that it, as well as the rest of the world, is still learning about the virus and therefore, is making its best judgments bases upon the information that is currently available. Dr. Dehaan contends that his age, 66, and preexisting medical conditions place him at a higher risk for severe illness from the virus that causes COVID-19. According to the Centers for Disease Control, eight out of ten deaths from COVID-19 have been in persons 65 years or older, and so Dr. Dehaan's age is of concern. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited 3/26/2021). In addition, the CDC recognizes that heart failure, coronary artery disease, cardiomyopathies and pulmonary hypertension increase the risk of severe illness from COVID-19, while other cardiovascular diseases and cerebrovascular diseases such as a stroke *might* increase the risk. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 3/26/2021).

It is not clear to the Court exactly which category Dr. Dehaan's heart conditions fall, or whether the conditions "increase" or merely "might increase" his risk of complications from COVID-19. But even assuming his age and cardiovascular and cerebrovascular diseases separately or in combination do increase his risk, that does not end the Court's inquiry. While evaluating a motion for compassionate release, a court may take into consideration the state of the pandemic and an institution's efforts to contain it. *See United States v. Young*, 834 Fed. Appx. 268, 269-70 (7th Cir. 2021). According to Dr. Dehaan, the government "cannot guarantee or provide any sense of confidence that the virus will not continue to progress through the BOP." Motion [175] at 10. In support, he notes that the conditions at his facility, FCI Ashland, make it impossible to follow CDC guidelines – prisons are crowded, social distancing is impossible, and inmates share bathrooms. He also notes that at Ashland, COVID-19 infections jumped from 30 cases to over 200. *Id.* at 10. But as of today, Ashland reports just 3 cases among staff and zero cases among inmates. https://www.bop.gov/coronavirus/ (last visited 3/26/2021). Therefore, the BOP's efforts to contain the spread of the virus at FCI Ashland appear to be successful, despite the conditions Dr. Dehaan describes. In addition, 120 staff members and 100 inmates at Ashland have now been fully vaccinated, *id.*, including Dr. Dehaan, *see* Dkt. 186.

In summary, the Court concludes that although the COVID-19 pandemic continues and Dr. Dehaan's age and heart and cardiovascular issues may increase his risk of a serious illness

from COVID-19, the BOP has demonstrated its ability to contain the spread of the virus from what Dr. Dehaan described as an alarming increase in cases, and a significant number of staff and inmates, including Dr. Dehaan, have now been inoculated. As a result, he has not identified an extraordinary and compelling reason for reducing his sentence under the First Step Act.

But even if he had, the Court's review of the sentencing factors set out in 18 U.S.C. § 3553(a) would still not favor any reduction. Under 18 U.S.C. § 3553(a), the court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, which are the following:

>  (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B)   to afford adequate deterrence to criminal conduct;
>  (C)   to protect the public from future crimes by the defendant; and
>  (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). To those ends, the court must consider the following factors:

>  (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>  . . .
>
>  (3)   the kinds of sentence available;
>  (4)   the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];
>  (5)   any pertinent policy statement [in the Sentencing Guidelines];
>  (6)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>  (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1-7).

Dr. Dehaan's offenses were very serious because they involved defrauding the government of millions of dollars, resources he used to enrich himself by diverting them away from funding medical care to patients in need. The court also notes Dr. Dehaan's history and characteristics, specifically his convictions for multiple instances of aggravated battery involving vulnerable, elderly patients. Although that conduct that was not charged in this case, it was intertwined with his scheme to defraud. Dr. Dehaan says he is no longer a threat to others because he no longer has the medical license that allowed him access to his victims. But a medical license is not the only means of accessing victims.

The Court acknowledges Dr. Dehaan's exemplary behavior while incarcerated. The probation department was unable to file a disciplinary report because Dr. Dehann has no disciplinary infractions to report. Dkt. 180. Although he is already highly-educated, he has

taken educational courses while incarcerated including Spanish, and has obtained a prison job working as a tutor providing valuable educational opportunities to his fellow inmates.
The Court commends Dr. Dehaan on his efforts to rehabilitate himself; his work and dedication will serve him well upon his release and reintegration into society. The Court also considers his post-release plans, which includes living with his wife in Rockford.

But on balance, considering both his current accomplishments as well as his history and characteristics and the serious nature of his offense, the relevant sentencing factors do not favor Dr. Dehaan's immediate release. As a result, even if Dr. Dehaan had established an extraordinary and compelling reason for reducing his sentence under the First Step Act, the Court's review of the sentencing factors would not leave it inclined to grant a reduction.

## CONCLUSION

Because Dr. Dehaan has not established an extraordinary and compelling reason to grant him relief, and because even if he had balancing the § 3553(a) factors would not favor his immediate release, Dr. Dehaan' motions for a sentence reduction under the First Step Act [175] and [182] are denied.

Date: March 29, 2021     By: _____
                                                   Iain D. Johnston
                                                   United States District Judge